[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15405
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00045-CEM-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS SCHEELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 31, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

Douglas Scheels pleaded guilty to one count of production of child pornography and one count of receipt of child pornography. The district court sentenced him to a total of 600 months in prison. Scheels contends that the district court erred in calculating his guideline range by imposing a four-level enhancement under § 2G2.1(b)(4) of the United States Sentencing Guidelines.[1]

"We review the district court's legal interpretations of the Sentencing Guidelines under a de novo standard of review . . . ." United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010). Section 2G2.1(b)(4) requires the imposition of a four-level enhancement where a defendant's "offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." Scheels does not argue that the pornography he produced does not depict "sadistic or masochistic conduct." Indeed, he admits that it contains, among other things, images involving whipping and bondage. But Scheels argues that, notwithstanding that content, the § 2G2.1(b)(4) enhancement should not apply to him, because the "sadistic or masochistic conduct" in his pornography was directed at him, not the child victim. We disagree.

---

[1] Based on the last presentence report prepared in this case, it appears that Scheels was sentenced based on the 2014 version of the guidelines even though, by the time Scheels was sentenced, the 2015 version of the guidelines had become effective. But that has no impact on this appeal because there was no change to § 2G2.1(b)(4) of the guidelines between the 2014 and 2015 versions of the guidelines and Scheels does not challenge any other aspects of the district court's guidelines calculation. That said, when we cite to the guidelines in this opinion, we are referring to the 2015 version.

The plain language of § 2G2.1(b)(4) requires only that an offense "involve[ ] . . . sadistic or masochistic conduct," not that that conduct be directed at the victim. U.S.S.G. § 2G2.1(b)(4) (emphasis added). "The language of the Sentencing Guidelines, like the language of a statute, must be given its plain and ordinary meaning . . . ." United States v. Fulford, 662 F.3d 1174, 1177 (11th Cir. 2011) (quotation marks omitted) (citation omitted). The ordinary meaning of involve, when used as a verb, is "[t]o have as a necessary feature or consequence; entail," Involve, The American Heritage Dictionary of the English Language (5th ed. 2016), or "to have within or as a part of itself," Involve, Merriam-Webster's Collegiate Dictionary (11th ed. 2009). Moreover, under the guidelines, a defendant's "offense" includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . ." U.S.S.G. §§ 1B1.1 cmt. n.1(H), 1B1.3(a)(1)(A) (emphasis added). Here, a part of the production offense to which Scheels pleaded guilty was inducing or commanding a minor to participate in sadistic or masochistic conduct during the course of sexual activity.[2] As a result, his offense "involved" such conduct, regardless of whether the conduct was directed at him or the minor victim.

---

[2] As directed by U.S.S.G. § 3D1.4, Scheels' total offense level was calculated based on the production offense because — of the charges to which Scheels pleaded guilty — it had the highest offense level.

While acknowledging that there are no cases directly on point, Scheels argues that our past decisions and the decisions of our sister circuits cast doubt on our interpretation of § 2G2.1(b)(4). He cites a number of cases, like United States v. Hall, 312 F.3d 1250, 1261 (11th Cir. 2002) (quotation marks omitted), which contain statements like: "[A] photograph is sadistic within the meaning of Section 2G2.2(b)(3)[3] when it depicts the subjection of a young child to a sexual act that would have to be painful." But those cases merely stand for the proposition that material depicting sadistic or masochistic conduct directed towards the child is sufficient to warrant the application of a § 2G2.1(b)(4) enhancement, not that it is necessary. Indeed, because the cases Scheels cites concerned material that contained sadistic or masochistic conduct directed at a minor, any statement by those courts suggesting that the images would not have justified applying the enhancement if they had shown the minor participating in sadistic or masochistic conduct directed towards the defendant is merely dicta. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 762 (11th Cir. 2010) ("Statements in an opinion that are not fitted to the facts, or that extend further than the facts of that case, or that are not necessary to the decision of an appeal given the facts and circumstances of the case are dicta. We are not required to follow dicta in our prior decisions. Nor for that

---

[3] Although Hall concerned § 2G2.2(b)(3), which was subsequently renumbered §2G2.2(b)(4), not § 2G2.1(b)(4), the language of the provisions is identical. Compare U.S.S.G. § 2G2.1(b)(4) (2015), with id. § 2G2.2(b)(4) (2015) and U.S.S.G. § 2G2.2(b)(3) (2001).

4

matter is anyone else.") (quotation marks and citations omitted).  Given a choice

between what is, at best, dicta from this and other circuits and the obvious meaning

of the plain text of the guidelines, we choose the guidelines.

The district court did not error by applying a four-level enhancement under

§ 2G2.1(b)(4) when calculating Scheels' guideline range.[4]

**AFFIRMED.**

---

[4] Because the application of § 2G2.1(b)(4) to this case is fully supported by the facts in the record, we need not address the effect of a stipulation in Scheels' plea agreement that the enhancement was supported by the undisputed facts.