[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10680
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20441-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISSAC DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2018)

Before JULIE CARNES, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Issac Davis appeals his 180-month sentence, the statutory mandatory minimum under the Armed Career Criminal Act ("ACCA"), after pleading guilty to one count of being a felon in possession of a firearm and ammunition.  On appeal, he argues that the district court erred in designating him as an armed career criminal because his Fla. Stat. § 812.13 convictions for attempted armed robbery, armed robbery, and strongarm robbery are not violent felonies under the elements clause of the ACCA.  Davis also argues that the district court erred in assigning criminal history points for two Florida misdemeanor marijuana cases in which the state court withheld adjudication.

## I.

We review *de novo* whether a particular conviction is a violent felony under the ACCA.  United States v. Seabrooks, 839 F.3d 1326, 1338 (11th Cir. 2016), cert. denied, 137 S. Ct. 2265 (2017).  We consider cases interpreting "crime of violence" under the Sentencing Guidelines to be authority for interpreting "violent felony" under the ACCA because the relevant parts of the definitions are identical. United States v. Fritts, 841 F.3d 937, 940 n.4 (11th Cir. 2016), cert. denied, 137 S. Ct. 2264 (2017).  We are bound by circuit precedent unless it is overruled *en banc* or by a Supreme Court decision that is "clearly on point."  United States v. White, 837 F.3d 1225, 1228, 1230–31 (11th Cir. 2016) (quotations omitted).

When a defendant is convicted of violating 18 U.S.C. § 922(g) by being a felon in possession of a firearm and has at least 3 prior convictions for a "violent felony" or a "serious drug offense," he is subject to a mandatory minimum sentence of 15 years.  18 U.S.C. § 924(e)(1).  A "violent felony" is any offense punishable by more than one year of imprisonment that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).[1]

Applying the categorical approach, we have previously determined that a conviction for attempted robbery under an identical version of Fla. Stat. § 812.13 and § 777.04(1) was categorically a felony crime of violence under the elements clause of the Sentencing Guidelines.  United States v. Lockley, 632 F.3d 1238, 1246 (11th Cir. 2011).  We have since applied this precedent to determine a conviction for robbery under Fla. Stat. § 812.13 categorically qualifies as a violent felony under the elements clause of the ACCA.  See Seabrooks, 839 F.3d at 1340–43; Fritts, 841 F.3d at 940–42.

---

[1] The U.S. Supreme Court has held that the "residual clause" of the second prong is unconstitutionally vague. *Johnson v. United States*, 136 S. Ct. 2551, 2557–58 (2015).

The district court did not err in designating Davis as an armed career criminal or in sentencing him to the ACCA mandatory minimum sentence. Our precedent demonstrates that all three of his prior convictions were violent felonies under the elements clause of the ACCA. See Lockley, 632 F.3d at 1246; Seabrooks, 839 F.3d at 1340–43; Fritts, 841 F.3d at 940–42. Although Davis argues that intervening Supreme Court precedent has abrogated our prior holdings, the Supreme Court must "actually abrogate or directly conflict with, as opposed to merely weaken" our prior holdings for us not to be bound. White, 837 F.3d at 1230–31. Here, Supreme Court precedent has merely weakened our prior holdings, at most, and so we are bound by those decisions.

## II.

We review *de novo* a district court's legal interpretation of the Sentencing Guidelines, taking into consideration the language of both the guidelines and the commentary. United States v. Fulford, 662 F.3d 1174, 1177 (11th Cir. 2011). Guideline commentary is binding on courts unless it violates the Constitution or a federal statute or is an inconsistent or plainly erroneous interpretation of the guideline. United States v. Birge, 830 F.3d 1229, 1232 (11th Cir. 2016). We interpret the Sentencing Guidelines following the traditional rules of statutory construction. Fulford, 662 F.3d at 1177. If a defendant fails to object to the facts

4

of his prior convictions as set out in the PSI, he is deemed to have admitted to those facts.  See United States v. Bennett, 472 F.3d 825, 833–34 (11th Cir. 2006).

Criminal history points are assigned pursuant to U.S.S.G. §§ 4A1.1 and 4A1.2.  See U.S.S.G. § 4A1.1, comment.  Section 4A1.1(c) calls for adding one criminal history point for each prior sentence not already counted in subsections (a) and (b).  U.S.S.G. § 4A1.1(c).  Although the Sentencing Guidelines do not specifically address withheld adjudications, the Sentencing Guidelines direct that a "diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered."  U.S.S.G. § 4A1.2(f).  We have determined that a state case in which the defendant enters a plea of *nolo contendere* and adjudication is withheld is properly included in a defendant's criminal history calculation, as a diversionary disposition.  See, e.g., United States v. Rockman, 993 F.2d 811, 814 (11th Cir. 1993); United States v. Wright, 862 F.3d 1265, 1280 (11th Cir. 2017).  Federal law, not state law, is used to determine the application of the Sentencing Guidelines.  See United States v. Elliot, 732 F.3d 1307, 1312 (11th Cir. 2013). Thus, it is not relevant how Florida treats pleas of *nolo contendere*, but only how federal law applies those cases.

The district court did not err in assigning criminal history points for the two Florida misdemeanor marijuana cases in which the state court withheld

5

adjudication. Our precedent, which remains binding, demonstrates that when adjudication is withheld and the defendant enters a guilty plea or a *nolo contendere* plea—as Davis did here—the case is properly included in the criminal history calculation.  See Rockman, 993 F.2d at 814 (11th Cir. 1993); Wright, 862 F.3d at 1280.

Therefore, Davis's 180-month mandatory minimum sentence is

**AFFIRMED.**