[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13532

_____

D.C. Docket No. 2:17-cr-14063-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA LANE ROGERS,
a.k.a. Joshua Laine Rogers,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2021)

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

BRANCH, Circuit Judge:

Joshua Rogers appeals his 360-month total sentence imposed after he pleaded guilty to two counts of production of child pornography in violation of 18 U.S.C. § 2251(a), and one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). He raises various challenges to his sentence, including that "the district court improperly attributed a four-level enhancement under [U.S.S.G.] § 2G2.2(b)[(4)] for sadism/masochism for three separate images.[1]" Because only one image that meets the requirements of § 2G2.2(b)(4) is necessary to support the enhancement and we conclude that the photograph showing Rogers's hand around the minor's throat depicted violence for purposes of the application of the sadism/masochism enhancement, we affirm the district court as to this issue.

Additionally, Rogers argues that the application of both U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5 constitutes impermissible double counting and the application of U.S.S.G. § 2G2.2(b)(6) was arbitrary. He also challenges the exclusion of certain evidence at his sentencing hearing, and the substantive

---

[1] In applying the U.S.S.G. § 2G2.2(b)(4) enhancement, the district court reviewed a photograph along with two videos and determined that each of the three images independently qualified for the sadism/masochism enhancement. On appeal, Rogers argues that none of the images qualified for the enhancement. As discussed further in this opinion, we conclude that the photograph depicts violence and meets the criteria for the enhancement. Because only one qualifying image is necessary, we do not reach the question of whether the two videos also qualify. *See United States v. Hoey*, 508 F.3d 687, 691 (1st Cir. 2007) (explaining that "[i]t takes only one such image for [the enhancement] to apply").

2

reasonableness of his sentence.  Because we conclude there was no reversible error

and the sentence is substantively reasonable, we affirm.

## I.    Background

In December 2017, a federal grand jury indicted Rogers on five counts of

production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e)

(Counts 1 through 5) and five counts of distribution of child pornography, in

violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Counts 6 through 10).  Pursuant to

a written plea agreement, Rogers pleaded guilty to Counts 3, 5, and 9, in exchange

for the government agreeing to dismiss the remaining counts following sentencing

and to recommend a guidelines reduction for acceptance of responsibility.

As part of the plea agreement, the parties stipulated to the following factual

basis.  On September 3, 2017, Florida's St. Lucie County law enforcement

responded to a missing person/juvenile runaway report made by the parents of

S.W., a 16-year-old female.  S.W. had run away from home the day before.  A few

weeks later, on September 27, 2020, law enforcement observed Rogers[2] at a

Dunkin' Donuts with S.W. as his passenger.  S.W. told law enforcement that she

met Rogers online and had been staying with Rogers at his home since she ran

away from her home.  S.W. stated that she and Rogers used alcohol, marijuana,

and methamphetamine while she was staying with him, and that they engaged in

---

[2] Rogers was 34 years old at the time of the offenses.

vaginal intercourse and oral sex.  S.W. indicated that Rogers had recorded some of their sexual activity, and he had recently posted a personal ad on Craigslist that included images of S.W. and solicited group sex.

Law enforcement executed a search warrant on Rogers's home and seized his cell phone, a laptop, and various drug paraphernalia.  A forensic analysis of the cell phone and Rogers's Google Drive account revealed hundreds of videos and photographs depicting sexual conduct between S.W. and Rogers.  All of the images were produced between August 29, 2017 and September 25, 2017.  Rogers distributed many of the images and videos to other individuals via various electronic means.

Following Rogers's guilty plea, the United States Probation Office prepared a presentence investigation report ("PSI") using the 2016 Guidelines Manual. Rogers's applicable base offense level was 22.  Numerous guidelines enhancements were applied, including a four-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(4), because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence;[3] a five-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(5), because Rogers engaged in a

---

[3] U.S.S.G. § 2G2.2(b)(4) provides that "[i]f the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler, increase by 4 levels."

pattern of activity involving sexual abuse or exploitation of a minor;[4] a two-level

enhancement, pursuant to U.S.S.G. § 2G2.2(b)(6), because a computer was used

for the possession, transmission, receipt, or distribution of the child pornography;[5]

and another five-level enhancement, pursuant to U.S.S.G. § 4B1.5(b)(1), because

the offenses of conviction were for covered sex crimes and the defendant engaged

in a pattern or practice of activity involving prohibited sexual conduct.[6]  Rogers's

---

[4] U.S.S.G. § 2G2.2(b)(5) provides that "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels."  "Pattern of activity involving the sexual abuse or exploitation of a minor" is defined by the Guidelines as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." *Id.* § 2G2.2 cmt. (n.1).  "Sexual abuse or exploitation" is defined by the Guidelines as "any of the following: (A) conduct described in 18 U.S.C. . . . § 2251(a)–(c) . . . ." *Id.*  Rogers pleaded guilty to violating § 2251(a).

[5] U.S.S.G. § 2G2.2(b)(6) provides that "[i]f the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, increase by 2 levels."

[6] U.S.S.G. § 4B1.5(b)(1) provides that:

In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 [Career Offender provision] nor subsection (a)[, which relates to defendants who have sustained a prior sex offense conviction,] of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

(1) The offense level shall be 5 plus the offense level determined under Chapters Two and Three.

"Covered sex crimes" include offenses against a minor under . . . chapter 110 of [title 18, United States Code], not including trafficking in, receipt of, or possession of child pornography . . . . *Id.* § 4B1.5 cmt. (n.2).  Rogers was convicted of violating 18 U.S.C. §§ 2251 and 2252, both of which fall under Chapter 110 of Title 18 of the United States Code. *See generally* 18 U.S.C. §§ 2251 & 2252.

resulting total offense level was 42, which, when combined with his criminal history category of V, resulted in a guidelines range of 360 to 960 months' imprisonment.[7]

Rogers raised numerous factual and legal objections to information contained in the PSI. As relevant to this appeal, he objected to the U.S.S.G. § 2G2.2(b)(4) enhancement, arguing that none of the images or videos portrayed sadistic or masochistic conduct. The government maintained that the enhancement was appropriate because one of the pictures depicted Rogers's hand around the throat of the minor victim as she lay nude on the bed and he appeared to be choking her.

At the sentencing hearing, Rogers renewed his objection to the application of the U.S.S.G. § 2G2.2(b)(4) enhancement. The district court viewed the photograph depicting Rogers's hand around S.W.'s neck, as well as three videos. After hearing argument on the propriety of the enhancement, the district court found that "the choking event" photograph qualified for the enhancement. Rogers did not raise any other legal objections to the guidelines calculation, and the district court adopted the PSI.

---

[7] The applicable guideline range based on a total offense level of 42 and a criminal history category of V was 360 months to life. *See* 2016 Guidelines Sentencing Table. But because the authorized statutory maximum sentence for Rogers's offenses was 80 years (or 960 months) imprisonment, the guideline range became 360 to 960 months' imprisonment, pursuant to U.S.S.G. § 5G1.1(c). *See* U.S.S.G. § 5G1.1(c)(1) & commentary.

During the sentencing hearing, Rogers's counsel sought to cross-examine the lead detective as to how the police knew S.W. would be at the Dunkin' Donuts on September 27, 2017, and whether S.W. was an identified victim in two state cases of statutory rape involving other adult men. The government objected to this line of questioning based on Federal Rule of Evidence 412.[8] Rogers's counsel contended that she should be allowed to introduce testimony regarding the two pending statutory rape cases because those cases also involved S.W. using drugs and going to adult men's houses to have sex, which she argued was relevant because the government had referred to S.W. repeatedly as an "innocent victim" in its sentencing memorandum. The district court stated that it would "consider the fact that she was in touch with the victim advocate in similar scenarios before, that is using drugs with older men—in the presence of older men, not that she had sex with them, but in the presence of older men that—and that there are cases pending, I'm going to consider it to that extent."

The government requested a 50-year sentence. The defense argued for a below guidelines sentence of the mandatory-minimum term of 15 years'

---

[8] Rule 412 provides that evidence "that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition" is not admissible in a criminal proceeding involving alleged sexual misconduct. Fed. R. Evid. 412(a). The rule includes exceptions where such evidence is offered to prove that the defendant was not the perpetrator, to prove the victim's consent, or if the exclusion of such evidence would violate the defendant's constitutional rights. Id. 412(b)(1). Notably, however, the Federal Rules of Evidence do not apply in sentencing proceedings. Fed. R. Evid. 1101(d)(3).

imprisonment, noting that Rogers had no prior history of sexual offenses and had extensive support from his mother and friends. The district court imposed a total sentence of 360 months' imprisonment, followed by supervised release for life.[9] Rogers's counsel objected to the substantive reasonableness of the sentence. This appeal followed.

## II.    Standards of Review

"We review *de novo* the interpretation and application of the Guidelines, and we review underlying factual findings for clear error. For a factual finding to be clearly erroneous, we must be left with a definite and firm conviction that the court made a mistake." *United States v. Tejas*, 868 F.3d 1242, 1244 (11th Cir. 2017) (internal citation omitted).

"When interpreting the guidelines, we apply the traditional rules of statutory construction." *United States v. Fulford*, 662 F.3d 1174, 1177 (11th Cir. 2011) (quotations omitted). "The language of the Sentencing Guidelines, like the language of a statute, must be given its plain and ordinary meaning, because [a]s

---

[9] At the sentencing hearing, the district court imposed concurrent terms of 384 months' imprisonment as to both Count 3 and Count 5, and a concurrent term of 240 months as to Count 9, followed by supervised release for life. No party objected to this sentence, even though the sentence exceeded the 360-month statutory maximum as to Counts 3 and 5. Recognizing this error, the district court issued a paperless entry on the docket that same day vacating the 384-month sentence, and resentencing Rogers to a total of 360 months' imprisonment (concurrent terms of 360 months as to Counts 3 and 5 and 240 months as to Count 9), followed by supervised release for life. The controlling judgment entered six days later reflected the revised sentence of 360 months.

with Congress, we presume that the Sentencing Commission said what it meant and meant what it said." *Id.*

"We review unpreserved sentencing objections only for plain error." *United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019). To establish plain error, a defendant must show: (1) an error; (2) that was obvious; and (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732–36 (1993).

"We review the evidentiary rulings of the district court for clear abuse of discretion." *United States v. Machado*, 886 F.3d 1070, 1085 n.14 (11th Cir. 2018).

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). The appellant bears the burden of demonstrating that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will vacate a sentence as substantively unreasonable only if "we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

9

### III.    Discussion

### A.    Whether the district court erred in applying the U.S.S.G. § 2G2.2(b)(4) enhancement

Rogers argues that the photograph examined by the district court, which depicts his hand around the nude minor's throat while she is lying on a bed, does not satisfy the criteria for the U.S.S.G. § 2G2.2(b)(4) enhancement.  U.S.S.G. § 2G2.2(b)(4) provides for a four-level enhancement "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence."  The Guidelines do not define "sadistic," "masochistic" or "depictions of violence."  "In the absence of any guideline definition, we must construe the phrase[s] according to [their] ordinary and natural meaning."  *United States v. Young*, 115 F.3d 834, 836 (11th Cir. 1997); *see also United States v. Digiorgio*, 193 F.3d 1175, 1178 (11th Cir. 1999) (explaining that where the Guidelines do not define a term, "we are bound to give the term its ordinary meaning").

Merriam-Webster defines "sadistic" as "of or characterized by sadism." Sadistic, *Webster's Third New International Dictionary Unabridged* (2005), https://unabridged.merriam-webster.com/unabridged/sadistic (last visited March 8, 2021).  "Sadism" is defined as "the infliction of pain upon a love object as a means of obtaining sexual release," "delight in physical or mental cruelty," or "excessive cruelty."  Sadism, *Webster's Third New International Dictionary Unabridged*, https://unabridged.merriam-webster.com/unabridged/ sadism (last visited March 8,

10

2021).  "Masochism" is defined as "a tendency to gain or to increase sexual gratification through the acceptance of physical abuse or humiliation." Masochism, *Webster's Third New International Dictionary Unabridged*, https://unabridged.merriam-webster.com/unabridged/masochism (last visited March 8, 2021).  And finally, "violence" is defined in relevant part as the "exertion of any physical force so as to injure or abuse."  Violence, *Webster's Third New International Dictionary Unabridged*, https://unabridged.merriam-webster.com/unabridged/violence (last visited March 8, 2021).

The district court concluded that the photograph depicted a "choking event," and that it qualified for the enhancement.  The question of whether an image portrays sadistic or masochistic conduct or other depictions of violence is strictly an objective inquiry.  *See United States v. Bleau*, 930 F.3d 35, 40 (2d Cir. 2019) ("We note that the analysis of whether an image is 'sadistic' under § 2G2.2(b)(4) is strictly objective."); *United States v. Corp*, 668 F.3d 379, 389 (6th Cir. 2012) ("We agree with our sister circuits that whether a particular image can be classified as portraying sadistic or masochistic conduct . . . is an objective determination."). Thus, the inquiry should focus on whether the image depicts conduct that an objective observer would perceive as sadistic, masochistic, or violent, rather than making "subjective determinations about the thoughts or intentions of the specific individuals being depicted."  *Corp*, 668 F.3d at 389.

11

Having viewed the photograph, we conclude the district court's determination that the image portrayed choking was not clearly erroneous. We agree that the photograph objectively depicts choking of the minor based on the placement of Rogers's hand around S.W.'s throat, the defensive posture of S.W.'s neck and chin, and the physical appearance of Rogers's knuckles and fingertips that indicated a tight grip. Thus, at a minimum, the photograph depicts violence, and depictions of violence qualify for the enhancement. *See* U.S.S.G. § 2G2.2(b)(4). Therefore, we affirm the application of this enhancement.

### B.    Whether the application of both U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5 constitute impermissible double counting

Rogers argues that the application of both U.S.S.G. § 2G2.2(b)(5)—which provides for a five-level guideline increase "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor"—and § 4B1.5(b)(1)—which provides for a five-level guideline increase where "the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct"—is arbitrary and constitutes impermissible double counting. Rogers did not raise a specific double-counting objection to the applications of these guideline enhancements in his written objections to the PSI or at the sentencing hearing. Therefore, we review only for plain error. *Corbett*, 921 F.3d at 1037.

12

Rogers failed to establish plain error.  "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines."  *United States v. Cubero*, 754 F.3d 888, 894 (11th Cir. 2014) (quoting *United States v. Dudley*, 463 F.3d 1221, 1226–27 (11th Cir. 2006)).  Double counting is permitted, however, "if the Sentencing Commission intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing."  *United States v. Stevenson*, 68 F.3d 1292, 1294 (11th Cir. 1995).  "We presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively, unless specifically directed otherwise."  *Cubero*, 754 F.3d at 894 (quoting *Dudley*, 463 F.3d at 1227).

Section 4B1.5(b)(1) provides that:

In any case in which the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

(1)   The offense level shall be 5 *plus the offense level determined under Chapters Two and Three*.

U.S.S.G. § 4B1.5(b)(1) (emphasis added).  Thus, the plain language of the guidelines establishes that the Sentencing Commission intended for the enhancements provided for in Chapter 4 to apply cumulatively to any other enhancements from Chapters 2 and 3.  *See Stevenson*, 68 F.3d at 1294.

13

Accordingly, the application of U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5 is not impermissible double counting and is therefore not plain error.[10]

### C.    Whether the district court abused its discretion during the sentencing hearing in excluding evidence regarding the two pending state statutory rape cases involving S.W.

Rogers argues that, during the sentencing hearing, the district court violated his constitutional rights under the confrontation clause, his right to due process, and his right to present a defense when it prevented him from cross-examining the detective about S.W.'s involvement in two other pending statutory rape cases involving adult men, which he maintains was valuable impeachment and mitigation evidence.  He asserts that he should have been able to elicit this information because the government "opened the door" when it repeatedly referred to S.W. as an "innocent child" in its sentencing memorandum and when S.W. and her mother made statements indicating that she did not go with Rogers willingly.

The district court's denial of Rogers's request to cross-examine the detective regarding the two statutory rape cases in which S.W. was also the identified victim did not violate his constitutional rights as the confrontation clause and right to

---

[10] Rogers also challenges the two-level enhancement under U.S.S.G. § 2G2.2(b)(6) for the use of a computer for the distribution of the child pornography.  Nevertheless, as Rogers acknowledges, this claim is squarely foreclosed by our decision in *United States v. Little*, 864 F.3d 1283 (11th Cir. 2017) (holding that the application of § 2G2.2(b)(6) for use of a computer is proper and is not double counting because the use of a computer is not required for the transmission or distribution of child pornography in violation of 18 U.S.C. § 2252).  Consequently, we do not address this claim further.

cross-examination do not extend to non-capital sentencing proceedings. *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005); *see also United States v. Giltner*, 889 F.2d 1004, 1008 (11th Cir. 1989) ("While due process requires that appellant be afforded the opportunity to refute the information brought against him at sentencing, it does not require that appellant be given the opportunity to call and cross-examine witnesses to rebut the information." (internal citation omitted)).

With regard to Rogers's contention that the exclusion of this testimony prevented him from presenting valuable impeachment and mitigation evidence, although the district court did not permit cross-examination of the detective on this issue and declined to consider S.W.'s sexual conduct with the other men, it stated that it would consider the existence of the statutory rape cases in which S.W. was a victim and the contention that she used drugs with adult men on prior occasions. Thus, Rogers had the opportunity to rebut the information presented at sentencing, and he has not demonstrated that the district court abused its discretion in striking a balance between the impeachment/mitigation evidence Rogers sought to present and protecting the privacy of the teenage victim. *See United States v. Barnett*, 587 F.2d 252, 259–60 (5th Cir. 1979) ("The right of rebuttal does not require that the sentencing hearing be transformed into a second trial. At a minimum it is sufficient if the sentencing judge affords the defendant an opportunity to comment

15

on any alleged factual inaccuracy." (internal citations omitted)).  As we emphasized previously,

> [e]ven though some testimony may be received, the sentencing process is not a trial.  Its purpose is to ensure that the district court is sufficiently informed to enable it to exercise its sentencing discretion in an enlightened manner.  Having been presented with some contradictory facts, the district court may within its discretion, determine that it has adequate undisputed information to properly sentence the defendant.

*United States v. Stephens*, 699 F.2d 534, 537 (11th Cir. 1983); *see also Giltner*, 889 F.2d at 1008 ("It is within the discretion of the district judge to determine the kinds and form of information it will consider" at sentencing.).

Accordingly, the district court did not abuse its discretion in excluding this information.

### D.     Whether Rogers's sentence is substantively unreasonable

Rogers argues that his within guidelines 360-month sentence is substantively unreasonable because the district court "failed to recognize legitimate mitigating evidence" and failed to account for the "artificial inflation of the sentencing guidelines" due to the multiple guideline enhancements.

Rogers has not met his burden of establishing that his sentence is substantively unreasonable.  He fails to specify what "legitimate mitigating evidence" the district court failed to consider, and to the extent that he is referring to S.W.'s sexual history, as discussed above, the district court did not abuse its

16

discretion in failing to consider this information.  Further, as discussed previously, the inclusion of the enhancements for pattern of activity and use of a computer were proper, and, therefore, did not artificially inflate the guidelines calculation.

A district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2),]" including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future crimes of the defendant.  18  U.S.C. § 3553(a)(2).  In determining the appropriate sentence, the district court must consider a variety of factors, including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range and pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to victims.  *Id.* § 3553(a).  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quoting *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006)).

While Rogers may quarrel with the length of the sentence, the record establishes that the district court considered the § 3553(a) factors and explained that the sentence imposed "adequately reflect[ed] the seriousness of the offense

17

and provide[d] just punishment."  Rogers has not shown that the district court failed to consider relevant factors that were due significant weight, gave significant weight to improper factors, or otherwise committed a clear error of judgment in considering the proper factors.  *See Irey*, 612 F.3d at 1189 (explaining that "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors").  Moreover, the sentence imposed was at the bottom of the applicable guidelines range (360 to 960 months), which is an indicator of reasonableness.  *See United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015) (explaining that "we 'ordinarily expect a sentence within the Guidelines range to be reasonable'" (quoting *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008))).  In short, given the broad sentencing discretion that district courts have and in light of the totality of the circumstances, we are simply not "left with the definite and firm conviction that the district court committed a clear error of judgment." *Irey*, 612 F.3d at 1190.

Accordingly, we conclude that Rogers's total 360-month sentence is substantively reasonable.

## IV. Conclusion

For the foregoing reasons, we affirm Rogers's sentence.

**AFFIRMED.**