[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14800
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00113-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD ROSCOE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 23, 2021)

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ronald Roscoe appeals his total sentence of life imprisonment plus ten years,

imposed after he pled guilty to attempted enticement of a minor, 18 U.S.C.

§ 2422(b), travel with intent to engage in illicit sexual conduct, *id.* § 2423(b), transporting material involving the sexual exploitation of minors, *id.* § 2252A(a)(1) and (b)(1), and committing a specified felony sex offense while registered as a sex offender, *id.* § 2260A.

For several weeks in 2018, Roscoe communicated online with an undercover officer posing as an eleven-year-old girl named "Emma." During their interactions, Roscoe offered to help Emma become sexually active, made sexually explicit comments to her, and discussed traveling from Michigan to Florida for the purpose of engaging in sexual activity with her. At some point, Roscoe also referenced two prior unsuccessful attempts to make contact with "girls" he had met in chatrooms. Roscoe was arrested in Florida on October 18, 2018, after flying there to meet Emma. A search of his cell phone revealed images and videos of child pornography.

Based on Roscoe's admission to Emma regarding the two prior attempts to make contact with girls he had met in chatrooms, the district court applied sentencing enhancements for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor," U.S.S.G. § 2G2.2(b)(5), and for being a repeat and dangerous sex offender, *id.* § 4B1.5(b)(1). Combined, these enhancements raised Roscoe's offense level by ten levels, resulting in a total offense level of 42 and a corresponding guideline range of 360 months to life imprisonment.

On appeal, Roscoe makes three arguments about these two enhancements. First, he contends that the district court clearly erred in basing the enhancements on his statements to Emma, which did not convey either that minors were involved or that any illegal sexual activity was contemplated. Second, he argues that the § 2G2.2(b)(5) and § 4B1.5(b)(1) enhancements double-counted the same conduct. And finally, he maintains that applying § 4B1.5(b)(1) where a defendant is also subject to a mandatory, consecutive sentence under 18 U.S.C. § 2260A violates "public policy." We address each argument in turn.

## I.

We "review *de novo* questions of law dealing with the guidelines," and we review any underlying factual findings for clear error. *United States v. Hall*, 965 F.3d 1281, 1293 (11th Cir. 2020). "For a factual finding to be clearly erroneous, we must be left with a definite and firm conviction that the court made a mistake." *United States v. Tejas*, 868 F.3d 1242, 1244 (11th Cir. 2017). "The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement." *United States v. Alberts*, 859 F.3d 979, 982 (11th Cir. 2017).

Under § 2G2.2(b)(5), a defendant convicted of transporting child pornography is subject to a five-level increase to his offense level if he "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." According to the

3

commentary, a pattern is "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." *Id.* § 2G2.2, cmt. n.1. "Sexual abuse or exploitation" includes attempted enticement of a minor to engage in sexual activity, 18 U.S.C. § 2422(a), and travel with intent to engage in sexual activity with a minor, 18 U.S.C. § 2423(b). *Id.*

Under § 4B1.5(b), a defendant ordinarily qualifies for an additional five-level increase if three requirements are met: (1) the "instant offense of conviction is a covered sex crime"; (2) neither § 4B1.1 (the career-offender guideline) nor § 4B1.5(a) (which requires a prior sex offense conviction) applies; and (3) the defendant "engaged in a pattern of activity involving prohibited sexual conduct." The prohibited sexual conduct need not have "occurred during the course of the instant offense" or "resulted in a conviction for the conduct that occurred on that occasion." U.S.S.G. § 4B1.5, cmt. n.4(B)(ii). And like "sexual abuse or exploitation," "prohibited sexual conduct" includes conduct proscribed by § 2422 and § 2423. *See id.*, cmt. n.4(A) (stating that "prohibited sexual conduct" means "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)," which covers offenses under chapter 117 of Title 18, including § 2422 and § 2423).

So Roscoe's challenge to both enhancements comes down to the issue of whether he engaged in two or more separate instances of conduct prohibited by, as relevant here, § 2422 and § 2423. The presentence investigation report ("PSR") and the district court determined that Roscoe engaged in such a pattern based on his statements to the undercover officer posing as Emma. According to the PSR and the underlying chat records, Roscoe tried to persuade Emma to talk with him by telephone or video because he was "having a hard time grasping that [she] was real." The reason for his skepticism, Roscoe explained, was two prior instances where he unsuccessfully tried to meet up with "girl[s]" he had met in chatrooms. The first girl he chatted with for "almost five months" before trying to meet her twice and driving 1,100 miles, but both times she came up with a reason why they couldn't meet, and he suspected that one of the pictures she sent him was fake because it was uploaded to the internet in 2014, when she would have been "5 years old." There was "another girl [he] was supposed to meet" after they had "chatted for a long time," and she had professed her love for him, but when he drove to meet her, "[t]here was never a girl there," just a "lady approximately 40 years old." Roscoe stressed that he was not accusing Emma of doing similar things, but he "just wanted to let [her] know" why he was "so skeptical."

Roscoe does not dispute that he made these statements, but he maintains they are insufficient to show that he engaged in any kind of prosecutable illegal behavior

in those instances. He notes that the government does not have any evidence of the communications between him and the two girls, and he asserts that his own recollection did not contain sufficient detail to show that the communications involved sexual enticement, that he traveled to engage in sexual activity, or that he believed the two girls were minors.

Here, the district court did not err in applying the § 2G2.2(b)(5) and § 4B1.5(b) enhancements. Both the context and substance of Roscoe's comments support the court's ultimate finding that Roscoe previously engaged "in two or more separate instances of attempted coercion and enticement of a minor, as well as traveling with intent to engage in illicit sexual conduct," which is conduct criminalized by 18 U.S.C. §§ 2422 and 2423.[1]

As the district court stated, Roscoe recounted his previous experiences with the two "girls" "as part of an attempt to induce an 11-year-old girl to meet and have sex with him." And "[h]e explicitly drew parallels between his chats with Emma and his interactions with the other girls—saying, in essence, that he had been down this road before and was afraid of being disappointed again." In particular, he

---

[1] The district court also relied on a third instance of "sexual abuse or exploitation" that occurred in 1986, when Roscoe broke into his ex-girlfriend's house to "see how far [he] could get" with her 13-year-old sister, who screamed his name, which resulted in a conviction for assault with intent to commit criminal sexual conduct involving sexual penetration. Roscoe has abandoned any challenge to this finding on appeal by failing to address it. So only one of the two instances described in Roscoe's comments to Emma need qualify to trigger the pattern enhancements. In any event, we conclude that both do.

described meeting the girls in chatrooms and chatting online with them regularly before attempting to meet them in person, as he did with Emma. Given this context, the court reasonably inferred that Roscoe had described engaging in essentially the same conduct with these two girls—sexual enticement and travel to engage in sexual activity—that he was convicted of here.

Nor are we left with a definite and firm conviction that the district court made a mistake in concluding that the two "girls" in Roscoe's statements were minors. Again, the context of the comments reflects that Roscoe was drawing parallels between Emma, who he believed was eleven years old, and the girls in the two prior experiences. Beyond that, Roscoe's comments regarding one of the girls—that he figured out a picture she sent him could not have been her because it was uploaded in 2014, when she would have been five years old—necessarily reflected that Roscoe believed she was a minor when he communicated with her.

Moreover, the district court's interpretation of Roscoe's comments was corroborated by substantial other evidence of, as the court put it, Roscoe's "longstanding preoccupation with young girls and pedophilia." *See Alberts*, 859 F.3d at 983 (stating that a defendant's admission of events giving rise to a "pattern" enhancement was "corroborated by other indicators of his long-standing preoccupation with incest and pedophilia"). This evidence included prior convictions for exposing his penis to an eight-year-old girl in 1999 and possessing

child pornography involving prepubescent girls in 2006; admissions by Roscoe to exposing himself to other underage girls and to "engaging in sexual chat with minors" on the internet several years before the offense conduct; and images of underage girls found on his cell phone after his arrest that were organized by each girl's name, location, and age.

Based on the context and substance of Roscoe's comments to the undercover officer, along with other corroborating evidence, the district court "did not clearly err in finding the government proved the factual basis for the [pattern] enhancement[s] by a preponderance of the evidence." *Alberts*, 859 F.3d at 983.

## II.

Roscoe next argues that the imposition of both § 2G2.2(b)(5) and § 4B1.5(b) was based on the same conduct and so amounted to impermissible double counting. We review double-counting claims *de novo*. *United States v. Little*, 864 F.3d 1283, 1291 (11th Cir. 2017).

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Suarez*, 893 F.3d 1330, 1336 (11th Cir. 2018) (quotation marks omitted). Double counting is permissible where the Sentencing Commission intended the result and each provision in question concerns a

8

conceptually separate notion related to sentencing. *Id.* We presume that the Commission intended to apply separate guideline sections cumulatively, even if they are "triggered by the same conduct," unless specifically directed otherwise. *Id.*; *see* U.S.S.G. § 1B1.1, cmt. n.4(B).

There is no question § 2G2.2(b)(5) and § 4B1.5(b) account for the same or similar conduct. Section 2G2.2(b)(5) provides for a five-level increase if "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." And § 4B1.5(b) provides for an additional five-level increase on top of the "offense level determined under Chapters Two and Three" where, among other things, the defendant "engaged in a pattern of activity involving prohibited sexual conduct." As we've explained above, the same conduct may qualify as both "sexual abuse or exploitation" and "prohibited sexual conduct."

Nevertheless, that both provisions cover the same conduct does not alone make their cumulative application impermissible. *See* U.S.S.G. § 1B1.1, cmt. n.4(B). Double counting the same conduct is permissible if the Commission intended the result and each provision in question concerns a conceptually separate notion related to sentencing. *See Suarez*, 893 F.3d at 1336.

Here, Roscoe has not shown that the application of both enhancements constituted impermissible double counting. The provisions themselves reflect that the Commission intended them to apply cumulatively. Section 4B1.5(b) states that

five levels should be added to the "offense level determined under Chapters Two and Three," meaning the five levels are in addition to any Chapter Two enhancements, such as § 2G2.2(b)(5). Thus, the "plain language of the guidelines" shows that the Commission intended for the § 4B1.5 enhancement "to apply cumulatively to any other enhancements from Chapters 2 and 3." *United States v. Rogers*, 989 F.3d 1255, 1263 (11th Cir. 2021) (rejecting, on plain error review, a double-counting challenge to the application of both § 2G2.2(b)(5) and § 4B1.5(b)).

These two sections also address conceptually different harms. Section 2G2.2(b)(5) addresses the fact that the offense itself involved a pattern of sexually exploiting minors, whereas § 4B1.5 allows a district court to impose an enhanced period of incarceration because the defendant presents a continuing danger to the public. *See* U.S.S.G. § 4B1.5, cmt. background; *accord United States v. Dowell*, 771 F.3d 162, 170–71 (4th Cir. 2014) ("Section 4B1.5(b)(1) aims not merely to punish a defendant for the specific characteristics of the offenses of conviction, as does § 2G2.2(b)(5), but to allow a district court to impose an enhanced period of incarceration because the defendant presents a continuing danger to the public."). The application of § 2G2.2(b)(5) and § 4B1.5(b) did not, therefore, involve impermissible double counting. *See United States v. Rothenberg*, 610 F.3d 621, 624 n.4 (11th Cir. 2010) (noting that "[t]he application of the two pattern of activity enhancements does not amount to 'double counting'").

**III.**

Finally, Roscoe contends that the "§ 4B1.5(b) recidivist enhancement" was improper because the "recidivism" factor was already taken into account by his mandatory consecutive sentence of ten years for the 18 U.S.C. 2260A offense. Although Roscoe does not cite any supporting legal authority for this claim, we treat it as similar to a claim of double counting.

Under § 2260A, if a defendant commits a specified felony offense involving a minor while he is under a federal or state requirement to register as a sex offender, he must be sentenced to a ten-year sentence that "shall be consecutive" to any sentence imposed for the underlying offense. 18 U.S.C. § 2260A. Roscoe was guilty of § 2260A because he committed qualifying offenses under § 2422(a) (attempted enticement of a minor) and § 2423(b) (travel with intent to engage in illicit sexual conduct) while under a requirement to register as a sex offender.

The guideline for § 2260A offenses, § 2A3.6, states that "the guideline sentence is the term of imprisonment required by statute." U.S.S.G. § 2A3.6(b). It further provides that Chapter Four of the guidelines does not apply to § 2260A convictions. *Id.* & cmt. n.2. So it would have been error for the district court to apply § 4B1.5 when calculating the guideline range for the § 2260A offense.

But that's not what the district court did. The court correctly calculated a guideline range of ten years for the § 2260A offense. Separately, it applied § 4B1.5

when calculating the guideline range for the other three offenses, including the two offenses that gave rise to the § 2260A conviction.

While Roscoe suggests that the Commission did not intend for § 4B1.5 to apply in these circumstances, nothing in the guidelines precludes courts from applying § 4B1.5 when calculating the sentencing range for offenses either underlying a § 2260A conviction or charged in the same prosecution as a § 2260A offense. *See United States v. Joey*, 845 F.3d 1291, 1298 (9th Cir. 2017) ("[T]he Commission included language in § 2A3.6 expressly instructing courts not to apply Chapter 4 when calculating the Guidelines sentencing range for § 2260A convictions, but did not preclude courts from applying § 4B1.5 when calculating the sentencing range for the offense underlying § 2260A."). Without specific directions to the contrary, we must presume that the Commission intended for § 4B1.5 to apply when calculating the guideline range for distinct offenses underlying a § 2260A conviction. *See Suarez*, 893 F.3d at 1336.

Section 4B1.5(b) and § 2260A also serve distinct penological goals. As relevant here, § 4B1.5 increases a defendant's offense level to account for the commission of a new sex crime after having engaged in a pattern of prohibited sexual conduct, whereas § 2260A punishes the commission of specified felonies involving a minor while under a requirement to register as a sex offender. Because a pattern can be established by conduct that does not result in a conviction or a sex-offender

12

requirement, a defendant may be subject to § 4B1.5(b) but not § 2260A. Alternatively, a defendant may violate § 2260A without being subject to the § 4B1.5 enhancement. For instance, a defendant may be required to register as a sex offender due to convictions for possession or receipt of child pornography, but those convictions would not count for purposes of § 4B1.5. *See* U.S.S.G § 4B1.5, cmt. n.4 (stating that "prohibited sexual conduct" "does not include receipt or possession of child pornography"); *see also id.*, cmt. n.3(A)(ii) (excluding "trafficking in, receipt of, or possession of, child pornography" from the scope of § 4B1.5(a)'s prior conviction trigger).

For these reasons, the district court did not procedurally err in applying the § 4B1.5(b) enhancement notwithstanding the separate required sentence under § 2260A. In our view, the court correctly treated Roscoe's argument on this point as tantamount to a request for a downward variance based on the 18 U.S.C. § 3553(a) factors. Roscoe does not specifically and clearly raise a claim that his sentence is substantively unreasonable, however, so we do not consider that issue.

In sum, we affirm Roscoe's sentence.

**AFFIRMED.**