[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12082

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JERMAINE TERRELL HADLEY,
a.k.a.TANK,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:19-cr-00045-MW-MAF-1

_____

2                    Opinion of the Court                    21-12082

_____

No. 21-12083

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JERMAINE TERRELL HADLEY,
a.k.a. TANK,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:19-cr-00061-MW-MAF-1

_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Jermaine Hadley headed a gang-affiliated drug-trafficking organization, as well as a large-scale dogfighting ring, in the Florida panhandle. After he pleaded guilty or no contest to several dozen offenses, the district court imposed a bottom-of-the-Guidelines sentence of 360 months. On appeal, Hadley alleges three Sixth Amendment violations and raises two challenges to his sentence. Finding no merit to any of them, we affirm.

## I

We review Hadley's Sixth Amendment claims de novo. *United States v. Smith*, 928 F.3d 1215, 1225 (11th Cir. 2019). Hadley asserts that the district court erred by (1) applying certain Guidelines enhancements based on facts found by a preponderance of the evidence, (2) admitting hearsay at sentencing, and (3) failing to apprise him of the Guidelines enhancements that might apply prior to accepting his plea. We take those in turn.

## A

Hadley's first argument is meritless. It's true that where a fact is used to "increase the prescribed range of penalties to which a criminal defendant is exposed," the Sixth Amendment requires that fact to be proven beyond a reasonable doubt—and to a jury if the defendant so chooses. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (quotation omitted). But "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *United States v. Booker*, 543 U.S. 220,

233 (2005).  So long as the trial judge's findings do not increase the statutory maximum or minimum, he can "mak[e], under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions." *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007).  The district court properly followed this rule in finding that various provisions of the Sentencing Guidelines applied.

**B**

Next, Hadley argues that the Sixth Amendment right of confrontation applies at sentencing.  Therefore, he says, the district court couldn't rely on hearsay to support certain Guidelines enhancements.

This argument, too, is foreclosed by binding precedent.  In *United States v. Cantellano*, we squarely held that "[t]he right to confrontation is not a sentencing right."  430 F.3d 1142, 1146 (11th Cir. 2005) (per curiam).  Thus, we said, "a district court may use reliable hearsay at sentencing" in a non-capital proceeding.  *Id.* Hadley doesn't dispute the district court's finding that the hearsay used here was reliable.

Nevertheless, he urges that *Cantellano* is no longer good law in light of *United States v. Haymond*, 139 S. Ct. 2369 (2019).  We disagree.  For a Supreme Court decision to overcome our prior-precedent rule, it must be "squarely on point" and "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246,

1255 (11th Cir. 2009). *Haymond* doesn't fit the bill. Indeed, it wasn't even a Confrontation Clause case. What's more, we have continued to apply *Cantellano* in the wake of *Haymond*. *See United States v. Rogers*, 989 F.3d 1255, 1263–64 (11th Cir. 2021). Because there is no exception to our prior-panel-precedent rule "even if the prior panel completely overlooked a Supreme Court decision on point," *Rogers* binds us in any event. *United States v. Emmanuel*, 565 F.3d 1324, 1332 (11th Cir. 2009).

## C

In his final Sixth Amendment challenge, Hadley insists—with no citation to authority—that the government had to inform him early on about the Sentencing Guidelines that might apply to him. He concedes that he didn't raise this claim before the district court, so our review is only for plain error. *United States v. Duncan*, 400 F.3d 1297, 1301 (11th Cir. 2005). That means we may reverse only if "(1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* Hadley "has the burden of establishing each of the four requirements." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021).

He fails to show that the asserted error is plain. The Sixth Amendment doesn't explicitly require that defendants be informed of advisory sentencing enhancements that might apply to them, and Hadley fails to cite any caselaw in support of his argument. *See United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2021) (per curiam) ("When the explicit language of a statute or rule does not

6                    Opinion of the Court                    21-12082

specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." (quotation omitted)).

## II

Now to the sentencing issues, which we review for abuse of discretion.  *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016) (per curiam).  Hadley submits that his sentence is procedurally unreasonable because the district court failed to award him a third point for acceptance of responsibility.  Separately, he argues that his sentence is substantively unreasonable.  Neither claim warrants reversal.

## A

We'll begin with the alleged procedural error.  At sentencing, the government explained that it chose not to file a motion for a third acceptance-of-responsibility point reduction under U.S.S.G. § 3E1.1(b) because Hadley had filed "blanket objections . . . . to essentially minimize his role," some of which were "largely frivolous."  The district court then noted its understanding of § 3E1.1(b) that the government must file a motion for a defendant to receive the additional one-level reduction.  *See* U.S.S.G. § 3E1.1(b) (providing for reduction "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government

and the court to allocate their resources efficiently"). In the court's view, it couldn't "second-guess the government's decision not to file a motion unless" it was "completely arbitrary" or made "for an unlawful reason like race, [or] gender."

On appeal, Hadley claims that the only valid reason for the government to decline to file a motion is that the defendant forced it to prepare for trial. But we needn't reach the merits of this argument. Hadley "induced or invited the ruling he now claims was error." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam). His counsel said that he "agree[d] with [the district court's] analysis of the law," and he represented that he didn't know of "a good-faith argument to object to the government's denial [of] that extra point." Because he "affirmatively agree[d]" with the district court, Hadley cannot now "complain on appeal" that the district court committed reversible error. *United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir. 2003).

Further, even if we were to review the merits, we'd do so only for plain error. And Hadley hasn't shown that any error was plain. Section 3E1.1(b) "does not explicitly address whether the Government can properly refuse to file [an acceptance-of-responsibility] motion based on" the reason it offered here—a defendant's frivolous objections that attempt to minimize his role in the offense. *United States v. Johnson*, 980 F.3d 1364, 1385 (11th Cir. 2020). Nor has Hadley identified any "precedent from the Supreme Court or this Court [that] directly resolves the issue." *Id.* (quotation marks omitted).

## B

Last up, we address the substantive reasonableness of Hadley's sentence. We will overturn a sentence as substantively unreasonable only if we're "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

That's not the case here. At the outset, we note that Hadley's sentence "is at the very bottom of the advisory Guidelines range," and it is also well below the statutory maximum of life in prison, "two factors which indicate reasonableness." *United States v. Carpenter*, 803 F.3d 1224, 1234 (11th Cir. 2015). In addition, Hadley's crimes were very serious. Employing "perhaps the most conservative" estimate of "weight that [it] could," the district court found that Hadley was responsible for distributing approximately 15.5 kilograms of "ice"—*i.e.*, methamphetamine of at least 80% purity—in rural Florida. *See* U.S.S.G. § 2D1.1(c), Note (C). The court then emphasized "the quantity of the drugs, and the scope of th[e] drug conspiracy, and the pernicious nature of methamphetamine that is literally destroying rural communities" like the ones Hadley had exploited. *See* 18 U.S.C. § 3553(a)(1), (2)(A). The district court was entitled to weigh these factors heavily, favoring a stiff sentence. *See United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014).

Hadley responds only that, in his view, the drug quantity table's ten-to-one ratio between "ice" and methamphetamine mixtures of lesser purity is irrational.[1] *See* U.S.S.G. § 2D1.1(c)(1). This is unavailing. The district court was certainly "empowered" to factor in this policy consideration, but it was "not compelled to vary downward" based upon it. *United States v. Cubero*, 754 F.3d 888, 900 (11th Cir. 2014); *see United States v. Williams*, 19 F.4th 374, 378 (4th Cir. 2021); *United States v. Heim*, 941 F.3d 338, 340–41 (8th Cir. 2019). Additionally, the district court wasn't required to explicitly rebut Hadley's policy argument on the record—particularly given that he never raised that argument to the district court. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

In sum, we are satisfied that the district court did what it was supposed to do. After "fully consider[ing] all the [§ 3553(a)] factors," it found that a 360-month sentence was "sufficient, but not greater than necessary, to comply with the statutorily defined purposes of sentencing." That was not an abuse of discretion.

★  ★  ★

We **AFFIRM**.

---

[1] It appears, then, that Hadley's challenge is only to his 360-month sentence for the methamphetamine-related counts. He doesn't argue that either his 240-month sentence for the cocaine-related counts or his 60-month sentence for the dogfighting counts—both of which are running concurrently with the methamphetamine counts—is unreasonable.