[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11615

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRES RIVERA REYES,
a.k.a. Sophia 12901,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80064-RLR-1

———————————

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Andres Rivera Reyes appeals his total sentence of 300 months' imprisonment after being convicted of attempted production of child pornography, receipt of child pornography, distribution of child pornography, possession of child pornography, and illegal re-entry after removal. His total sentence was a 77-percent downward variance from the guideline range of 1,344 months.

Reyes raises two points on appeal. First, he argues that the district court's application of sentencing enhancements U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5(b)(1) were impermissible double counting.[1] Second, he argues that his total sentence was substantively unreasonable. We will address each argument in turn.

I.

Double counting claims are typically reviewed de novo. *United States v. Little*, 864 F.3d 1283, 1291 (11th Cir. 2017). However, when a party fails to preserve a sentencing issue for review, we review the issue for plain error. *United States v. Chafin*, 808 F.3d 1263, 1268 (11th Cir. 2015). Although Reyes challenged the

————————————————

[1] In portions of his brief, Reyes appears to conflate U.S.S.G. § 2B1.5, a cultural heritage provision not applied in this case, with U.S.S.G. § 4B1.5, a career offender enhancement he received.

application of enhancements U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5(b)(1) individually at sentencing, he did not raise a double counting objection and therefore failed to preserve one.[2] *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014) (A defendant "fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a *different legal theory.*") (internal quotation marks omitted). Accordingly, we will review this issue for plain error.

Double counting occurs when two guideline provisions punish the same type of harm. *United States v. Suarez*, 893 F.3d 1330, 1336 (11th Cir. 2018). Double counting is permissible where the Sentencing Commission intended the result and each provision in question concerns a conceptually separate notion related to sentencing. *Id.* We presume that the Commission intended to apply separate guideline sections cumulatively unless specifically directed otherwise. *Id.*

Here, § 2G2.2(b)(5) provides for a 5-level increase "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G § 2G2.2(b)(5). Section 4B1.5(b)(1) provides for a 5-level increase when "the defendant's

---

[2] Reyes did object to the Presentence Investigation Report for impermissible double counting under § 2G2.2(b)(5) (pattern of activity) and § 2G2.2(b)(7) (number of images). However, the district court overruled this objection, and these provisions together were not raised on appeal.

instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G § 4B1.5(b)(1). Although both enhancement provisions contain the same phrase "pattern of activity," each provision concerns a conceptually separate notion related to sentencing. Chapter Two of the guidelines pertains to offense conduct, and Part G specifically concerns the defendant's role in the present offense. U.S.S.G. Ch. 2; intro. cmt.; U.S.S.G. Ch. 2, pt. G. In contrast, Chapter Four of the guidelines pertains to a defendant's criminal history, and § 4B1.5 specifically concerns defendants who present a continuing danger to the public. U.S.S.G. Ch. 4, pt. A, intro. cmt.; § 4B1.5, cmt. background.

> As we have previously held,

> the plain language of the guidelines establishes that the Sentencing Commission intended for the enhancements provided for in Chapter 4 to apply cumulatively to any other enhancements from Chapters 2 and 3. Accordingly, the application of U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5 is not impermissible double counting and is therefore not plain error.

*United States v. Rogers*, 989 F.3d 1255, 1263 (11th Cir. 2021) (internal citation omitted).

Therefore, Reyes has failed to establish that the district court committed an error, and applying both enhancements under U.S.S.G §§ 2G2.2(b)(5) and 4B1.5(b)(1) in this instance is permissible. We affirm in this respect.

## II.

Under the doctrine of invited error, we will not address, even for plain error, the merits of an error that the appellant induced the district court to make. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam). A defendant invites the district court to err when he "expressly acknowledge[s]" that the court may take the action of which the defendant complains on appeal, *id.*, or the defendant "expressly requested" that action, *United States v. Carpenter*, 803 F.3d 1224, 1236 (11th Cir. 2015).

When review is appropriate, we review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We examine whether a sentence is substantively reasonable considering the totality of the circumstances. *Id.* at 51.

A sentence is potentially unreasonable if the district court unjustifiably relied on a single § 3553(a) factor. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). However, significant reliance on a single factor does not necessarily render a sentence unreasonable. *Id.* Additionally, although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect it to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Finally, a sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

We conclude that Reyes' reasonableness challenge to his total sentence of 300 months'—or 25 years'—imprisonment fails for two reasons. First, defense counsel invited any error with respect to the length of his total sentence by telling the district court that a total sentence of "[s]omewhere between 18, which we request, and 25 years, respectfully, Judge, is sufficient but not greater than necessary." Second, even if this was not invited error, Reyes' total sentence is substantively reasonable because the district court considered the § 3553(a) factors. Thus, we affirm in this respect as well.

**AFFIRMED.**