[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13666

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HERIBERTO BATISTA MONTIJO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cr-00075-SPC-NPM-1

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Heriberto Batista Montijo appeals his total sentence of 600 months' imprisonment imposed after he pleaded guilty to two counts of production of child pornography and one count of possession of child pornography. He argues that the district court engaged in impermissible double counting when it imposed a five-level guidelines enhancement under both U.S.S.G. § 2G2.2(b)(5)[1] and § 4B1.5(b)(1).[2] After review, we affirm.

## I.    Background

In 2021, a grand jury indicted Batista Montijo on two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 1 and 2), and one count of possession of child pornography, in violation of § 2252(a)(4)(B) and (b)(2) (Count

---

[1] Section 2G2.2(b)(5) instructs the district court to increase the guidelines level by five levels "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."

[2] Section 4B1.5 provides that

> [i]n any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: . . . [t]he offense level shall be 5 plus the offense level determined under Chapters Two and Three.

U.S.S.G. § 4B1.5(b)(1).

3).  Batista Montijo entered an open plea of guilty to all three counts.

Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSI").  As relevant to this appeal, the probation office imposed a five-level guidelines enhancement under U.S.S.G. § 2G2.2(b)(5) because Batista Montijo "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."  The probation office then assessed another five-level guidelines enhancement under § 4B1.5(b)(1) because the offense was a covered sex crime, neither §4B1.1 nor § 4B1.5(a) applied, and Batista Montijo engaged in a repeated "pattern of activity involving prohibited sexual conduct" by engaging in repeated sexual activity with minors E.H. and I.S. Batista Montijo's total offense level after consideration of all applicable guidelines enhancements and a three-point reduction for acceptance of responsibility was 51.  However, under the guidelines an offense level of more than 43 is treated as an offense level of 43 because 43 is the maximum offense level under the guidelines.[3]  An offense level of 43 with Batista Montijo's criminal history category of I resulted in an advisory guidelines range of 960 months' imprisonment, which was also the statutory maximum for all counts if the counts were imposed consecutively.[4]

---

[3] *See* U.S.S.G. Ch. 5, Part A (cmt. 2).

[4] Batista Montijo's base offense level of 43 and his criminal history category of I resulted in a guidelines range of life under the sentencing table.  However, where, as here, "the statutorily authorized maximum sentence is less than the

Batista Montijo objected to the application of the five-level enhancement under § 2G2.2(b)(5) and the five-level enhancement under § 4B1.5(b)(1) as improper "double counting," arguing that they were effectively the same enhancement and accounted for the same conduct. He acknowledged that he did not have any case law to support his position.

The district court overruled Batista Montijo's objection, explaining that § 2G2.2 was an enhancement for possession of child pornography offenses, while § 4B1.5 was an enhancement designed to address repeat and dangerous sex offenders. Thus, the court concluded that there was no impermissible double counting because

> [a]lthough both enhancement[s] consider a defendant's pattern of prohibited sexual conduct, they concern conceptually separate notions. So Sections 2G2.2(b)(5) focuses on the substantive offense of possessing child pornography offenses and hones in on the defendants who directly abuse minors, whereas, 4B1.5(b) focuses on a defendant's history, risk to the community and deterrence and adds levels for those defendants who are repeat and dangerous sex offenders against minors.

---

minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. §§ 5G1.1(a), 5G1.2(b) cmt. (n.3(B)), 5G1.2(d).

The court then sentenced Batista Montijo to a below-guidelines total sentence of 600 months' imprisonment to be followed by a lifetime of supervised release.  This appeal followed.

## II.    Discussion

Batista Montijo argues that increasing his offense level five levels under both §§ 2G2.2(b)(5) and 4B1.5(b)(1) constituted impermissible double counting for the same harm.

"We review *de novo* a claim of double counting."  *United States v. Dudley*, 463 F.3d 1221, 1226 (11th Cir. 2006).  Batista Montijo's claim is foreclosed by binding precedent.  As we explained in *United States v. Rogers*,

> [i]mpermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines. Double counting is permitted, however, if the Sentencing Commission intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing. We presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively, unless specifically directed otherwise.

Section 4B1.5(b)(1) provides that:

> In any case in which the defendant's instant offense of conviction is a covered sex crime

6                    Opinion of the Court                    22-13666

. . . and the defendant engaged in a pattern of
activity involving prohibited sexual conduct:

> (1) The offense level shall be 5 *plus the*
> *offense level determined under Chapters*
> *Two and Three.*

U.S.S.G. § 4B1.5(b)(1) (emphasis added). Thus, the
plain language of the guidelines establishes that the
Sentencing Commission intended for the
enhancements provided for in Chapter 4 to apply
cumulatively to any other enhancements from
Chapters 2 and 3. Accordingly, the application of
U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5 is not impermissible
double counting . . . .

989 F.3d 1255, 1263 (11th Cir. 2021) (quotations and internal
citations omitted).

Batista Montijo's contention that *Rogers* is distinguishable
because it was decided on plain error review is unpersuasive. Our
holding in *Rogers* was premised on the conclusion that there was
no error, much less plain error, because the enhancements in
U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5 were intended to apply
cumulatively and do not constitute impermissible double
counting. That holding applies equally here even though Batista
Montijo's claim is subject to *de novo* review.

Moreover, even assuming arguendo that there was error,
Batista Montijo is not entitled to relief because any error was
harmless. Even if Batista Montijo was correct and he should have
received only one five-level enhancement, his offense level would

have been 46, which still would have been treated as a 43 under the guidelines. *See* U.S.S.G. Ch. 5, Pt. A (cmt. n.2). Thus, any error was harmless. *See United States v. Sanchez*, 30 F.4th 1063, 1076 (11th Cir.), *cert. denied* 143 S. Ct. 227 (2022) (holding that any error in applying an enhancement was harmless because "the countable offense level would remain the same: 43"); *United States v. Sarras*, 575 F.3d 1191, 1220 n.39 (11th Cir. 2009) (explaining that any alleged error in applying the enhancement in question was harmless because the defendant's "total adjusted offense level would have been 46, which the district court still would have been obligated to treat as 43"). Accordingly, we affirm.

**AFFIRMED.**